# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. _____

KEITH RAIMUNDO,    **JURY TRIAL DEMANDED**

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Keith Raimundo (hereafter "Raimundo"), by and through counsel, hereby sues Defendant, Florida Department of Corrections (hereafter "FDC"), and alleges as follows:

### Nature of Action

1. This is an action arising from and seeking redress for violations of the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA).

### Jurisdiction and Venue

2. As this action raises federal questions under the ADA and the FMLA, this court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

3. The acts and omissions that give rise to this action occurred in Volusia County, Florida. Venue is therefore proper in the Orlando Division of the United States District Court for the Middle District of Florida.

### Parties

4. At all times material hereto, Raimundo resided in Flagler County, Florida.

5. At all times material hereto, FDC was a Florida agency that operates throughout the State of Florida, including the Tomoka Correctional Institution in Volusia County where Raimundo was employed.

6. At all times material hereto, FDC was an "employer" as defined by the ADA.

7. At all times material hereto, FDC was likewise a covered employer under the FMLA, as it employed fifty (50) or more employees in, or within seventy five (75) miles of, the location where Raimundo worked.

8. At all times material hereto, Raimundo was employed by FDC, as defined by the ADA, and met all eligibility requirements for protected leave under the FMLA, including having worked for at least twelve (12) months and not less than one thousand two hundred fifty (1,250) hours during the twelve-month period preceding her leave request.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Raimundo exhausted his administrative remedies under the ADA by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), and now brings this action within ninety (90) days of the issuance of a notice of right to sue by the Department of Justice.

## GENERAL ALLEGATIONS

10. Raimundo began working for FDC as a corrections officer at the Tomoka Correctional Institution in September 2008.

11. Throughout his employment, Raimundo received positive performance evaluations.

12. In May 2017, Raimundo's spouse began suffering from a chronic neck and back condition that necessitated surgery and extensive medical treatment and resulted in periods of incapacity.

13. In order to assist his wife, Raimundo sought intermittent family-care leave pursuant to the FMLA.

14. As Raimundo met all eligibility criteria, his leave request was approved by FDC.

15. Despite the formal approval of his leave, Raimundo was subjected to harassment, intimidation, and retaliatory conduct by his supervisor, Lieutenant Derrel Hatcher (hereafter "Hatcher").

16. Hatcher repeatedly chastised Raimundo for taking leave.

17. Hatcher threatened to assign Raimundo undesirable shifts and duties if he continued to take leave.

18. Hatcher also threatened Raimundo with termination if he continued to take leave.

19. Finally, Hatcher demanded that Raimundo work make-up shifts if he wished to take leave, stating, "one hand washes the other."

20. On June 18, 2018, Raimundo presented Hatcher with a leave request form asking for time off on June 19, 2018, to assist his wife with her medical care.

21. In response, Hatcher simply stated, "I'm not approving it."

22. When Raimundo reiterated that the leave was to care for his wife, Hatcher stated, "I don't care what it is for. I'm not approving it."

23. Hatcher then took a call from his superior, Major Karina Kulpa (hereafter "Kulpa"), and they agreed that Raimundo's request should be denied.

24.     Finally, Raimundo explained that the leave was covered by FMLA and was necessary because his wife was in great pain, she needed his assistance to see her physician, and the appointment could not be postponed.

25.     In response, Hatcher stated, "have her take a f---ing Uber," and stated that if Raimundo did not report to work on June 19, he would either "lose [his] job or be assigned to the midnight shift so that [he would] not be able to care for [his] wife."

26.     Raimundo reported the incident to two individuals, Crystal Hall (hereafter "Hall") and a Mr. Martinez (hereafter "Martinez") in FDC's Bureau of Personnel.

27.     Rather than offering assistance, Hall and Martinez advised Raimundo that his rights had been violated and he should either contact the EEOC or consult an attorney.

28.     As a result of the continued harassment and violation of his rights, coupled with the Bureau of Personnel's refusal to provide any remedy, Raimundo was constructively discharged on June 22, 2018.

29.     Raimundo subsequently applied for reemployment assistance benefits, which were granted by the Florida Department of Economic Opportunity upon their finding that he had "good cause attributable to his employer" to cease working for FDC.

### COUNT I:  ADA
### (Associational Discrimination)

30.     Raimundo hereby incorporates the allegations set forth in Paragraphs 1 through 29 by reference.

31.     Raimundo was a qualified employee with a spouse who suffers from a chronic condition that qualifies as a disability under the ADA.

32. As a direct result of his association with a disabled individual, Raimundo was subjected to discriminatory treatment including threats, harassment, intimidation and an untenable choice between an adverse shift change and termination.

33. The discriminatory treatment to which Raimundo was subjected was sufficiently severe to prompt a reasonable person to resign his employment, thereby qualifying his separation as a constructive discharge.

34. As a direct, proximate, and foreseeable result of FDC's actions, Raimundo has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, and other non-pecuniary losses and intangible injuries.

35. Raimundo has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Raimundo demands judgment against FDC for:

    a. back pay and/or lost earnings;

    b. front pay;

    c. compensatory damages;

    d. punitive damages;

    e. attorneys' fees and costs of this action pursuant to the ADA; and

    f. such other relief as this Court deems just and proper.

## COUNT II: ADA
### (Retaliation)

36. Raimundo hereby incorporates the allegations set forth in Paragraphs 1 through 29 by reference.

37. Raimundo was a qualified employee with a spouse who suffers from a chronic condition that qualifies as a disability under the ADA.

38. As a direct result of his association with a disabled individual, Raimundo was subjected to discriminatory treatment including threats, harassment, intimidation and an untenable choice between an adverse shift change and termination.

39. Raimundo contacted Hall and Martinez at FDC's Bureau of Personnel to object to the unlawful discriminatory treatment he was experiencing from Hatcher and Kulpa.

40. As a result of his opposition to unlawful treatment, Raimundo was subjected to retaliation in the forms of ongoing harassment, denial of leave, and deliberate efforts on the part of FDC to make his work situation intolerable, including unfavorable shift assignments.

41. The retaliatory treatment to which Raimundo was subjected was sufficiently severe to prompt a reasonable person to resign his employment, thereby qualifying his separation as a constructive discharge.

42. The actions of FDC were willful, wanton, intentional, and/or were performed with malice and/or with reckless indifference to Raimundo's protected rights under the ADA, thereby entitling Raimundo to an award of punitive damages.

43. As a direct, proximate, and foreseeable result of FDC's retaliatory actions, Raimundo has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, and other non-pecuniary losses and intangible injuries.

44. Raimundo has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, Raimundo demands judgment against FDC for:

(a) back pay for lost compensation and benefits;

(b) front pay in lieu of reinstatement;

(c) compensatory damages;

(d) punitive damages;

(e) prejudgment interest;

(f) attorneys' fees and costs of this action pursuant to the ADA;

(g) any other relief this Court deems just and proper.

**COUNT III: FMLA**
**(Interference with Rights)**

45. Raimundo hereby incorporates the allegations set forth in Paragraphs 1 through 29 of the Complaint by reference.

46. Raimundo was eligible to take a leave of absence pursuant to the FMLA to care for his wife who suffered from a serious health condition.

47. At no time did Raimundo exhaust his leave entitlement under the FMLA.

48. Though FDC initially approved Raimundo's leave request, Raimundo was thereafter subjected to coercion, threats, intimidation, and harassment by his supervisor, Hatcher, with the knowledge of his supervisor, Kulpa.

49. FDC further interfered with Raimundo's rights by failing to remedy the situation when it was brought to the attention of Hall and Martinez.

50. These acts of interference culminated with Raimundo's constructive discharge.

51. As a direct and proximate result of FDC's conduct, Raimundo has suffered lost wages, benefits, and other earnings.

52. FDC acted in bad faith and with disregard of Raimundo's rights under the FMLA.

53. Raimundo has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Raimundo demands judgment against FDC for:

    a. back pay and/or lost earnings;

    b. liquidated damages;

    c. attorneys' fees and costs of this action pursuant to the FMLA; and

    d. such other relief as this Court deems just and proper.

### COUNT IV: FMLA
### (Retaliation)

54. Raimundo hereby incorporates the allegations set forth in Paragraphs 1 through 29 and 46 through 50 by reference.

55. Following Raimundo's exercise of rights under the FMLA, FDC retaliated against him by subjecting him to coercion, intimidation, harassment, and threats, including the untenable choice of accepting an undesirable shift or being terminated.

56. The retaliatory acts culminated in Raimundo's constructive discharge.

57. As a direct and proximate result of the retaliatory conduct to which he was subjected, Raimundo has suffered lost wages, benefits, and other earnings.

58. FDC acted in bad faith and with disregard of Raimundo's rights under the FMLA.

59. Raimundo has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Raimundo demands judgment against FDC for:

a. back pay and/or lost earnings;

b. liquidated damages;

c. attorneys' fees and costs of this action pursuant to the FMLA; and

d. such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Raimundo hereby demands trial by jury on all issues so triable as a matter of right.

Date:   January 3, 2019

Respectfully submitted,

/s/ David H. Spalter
Jill S. Schwartz, Attorney at Law
Florida Bar No. 523021
David H. Spalter, Esquire
Florida Bar No. 966347
John M. Hunt, Esquire
Florida Bar No. 91168
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 West Morse Blvd., Ste. 212
Winter Park, Florida  32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: jschwartz@schwartzlawfirm.net
E-mail: dspalter@schwartzlawfirm.net
E-mail: jhunt@schwartzlawfirm.net
Secondary e-mail:  jtacktill@schwartzlawfirm.net
Secondary E-mail: docketing@schwartzlawfirm.net

Attorneys for Plaintiff

## VERIFICATION

Personally appeared before the undersigned, Keith Raimundo, who being first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand for Jury Trial, consisting of Paragraphs 1 through 59, inclusive, are true and correct to the best of his knowledge, information, and belief.

*Keith Raimundo*

KEITH RAIMUNDO

STATE OF FLORIDA   )

COUNTY OF FLAGLER  )

The foregoing instrument was acknowledged before me this 3 day of January, 2019, by KEITH RAIMUNDO, [ ] who is personally known to me or [X] who has produced FLORIDA DRIVER LICENSE as identification, and who did take an oath.

*Paula A. Leks*

Notary Public–State of Florida at Large

My Commission Expires: July 27, 2020

PAULA A. LEKS
Commission # GG 015953
Expires July 27, 2020
Bonded Thru Troy Fain Insurance 800-385-7019

10